IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT Charleston

TODD HOLLER and
PATRICIA HOLLER,

       Plaintiffs,

v.                                                    Civil Action No.  2:23-cv-00353

THE TOWNSEND CORPORATION
A foreign corporation, and GALLAGHER
BASSETT SERVICES, INC., a foreign corporation,
and ACE Insurance Company,

       Defendants.

## COMPLAINT

COME NOW the Plaintiffs, Todd Holler and Patricia Holler, by their counsel, James D. McQueen, Jr., and the firm of McQueen Law, PLLC; Christopher J. Heavens and Heavens Law Firm; and J. Michael Ranson, and the firm of Ranson Law Offices, and for their Complaint, say as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiffs, Todd Holler and Patricia Holler, husband and wife (sometimes collectively referred to herein as "Holler") are residents and citizens of Greenbrier County, West Virginia.

2. The Defendant, The Townsend Corporation ("Townsend Corporation") is an Indiana corporation authorized to do business and doing business in West Virginia.

3. The Defendant, Gallagher Bassett Services, Inc. is a foreign corporation, with its principal office located in the State of Illinois, and it is authorized to do business and is doing business in West Virginia.

4. ACE American Insurance Company is a foreign corporation incorporated in and with a principal office in a state other than West Virginia.

5. Subject matter jurisdiction in this action is based upon diversity of citizenship and venue is appropriate in the Southern District of West Virginia.

## FACTUAL ALLEGATIONS FOR ALL COUNTS

6. At all material times, Plaintiff, (Todd Holler) was an employee of Townsend Tree Service Company, LLC (Townsend Tree) working within the course and scope of his employment and incurred serious injuries resulting directly from said employment with Townsend Tree in Greenbrier County, West Virginia.

7. Townsend Tree is a wholly owned subsidiary of Defendant, The Townsend Corporation ("Townsend Corporation").

8. The Townsend Corporation has repeatedly confirmed in depositions and pleadings in other cases that Townsend Tree employees are not employees of Townsend Corporation and that Townsend Tree is a wholly separate company from Townsend Corporation.

9. Townsend Corporation "contracts" with Townsend Tree to perform various jobs including utility right of way maintenance, including tree and vegetation control.

10. Townsend Corporation receives the income from any services performed by Townsend Tree and as a result Townsend Tree is a company without any assets or revenue.

11. On or about February 22, 2017, Plaintiff Todd Holler was injured while on the job working for Townsend Tree.

12. As a result of the injuries he received the Plaintiff, Todd Holler, filed a Workers Compensation claim against his employer.

13. The Townsend Corporation was formerly known as Townsend Tree Service Co., Inc., until 2007, when it changed its name. Despite the name change, The Townsend Corporation deceptively uses the name of Townsend Tree Service Co., Inc. or similar variations as a d/b/a. Because the Townsend Corporation utilizes different names where it uses Townsend Tree in its name, it is easy to confuse the two separate companies and on occasion this confusion is used to the advantage of the defendant, Townsend Corporation, as it pretends to act as if it is Townsend Tree Service Company LLC in providing a service when in fact it is The Townsend Corporation performing the service.

14. For example, The Townsend Corporation has a private workers' compensation carrier, ACE American Insurance Company, that provided Workers' Compensation coverage for employees of The Townsend Corporation in 2017. The Townsend Corporation is a separate entity from Townsend Tree Service Company LLC and has its own FEIN number, 35-1038925. Townsend Tree Service Company LLC's FEIN number is 26-1571347.

15. Gallagher Bassett Services, Inc. ("Gallagher Bassett") is a Third-Party Administrator for multiple private carriers and self-insured employers for workers' compensation. It also provides among other services Third-Party Administration support for litigation. As a Third-Party Administrator or Claims Administrator, its

      power to act in West Virginia is limited to acting on behalf of a private carrier, as set forth in West Virginia Code §23-2C-17(c).

16. One of Gallagher Bassett's clients for workers' compensation is ACE American Insurance Company. One of Gallagher Bassett's clients for litigation support is The Townsend Corporation.

17. The Townsend Corporation has provided the funding for workers' compensation benefits for the employees of Townsend Tree Services, LLC, including Plaintiff Todd Holler, either paying benefits through Gallagher Bassett or directly to Todd Holler or his medical providers, making it appear that Townsend Tree is a self-insured employer or that a private insurer is reimbursing Gallagher Bassett for making such payments.

18. ACE American Insurance Company ("ACE") was, until 2020, the designated workers' compensation carrier for The Townsend Corporation, an entity that is not a party to Todd Holler's workers' compensation claim. However, the defendant, ACE American did not pay any of Plaintiff Holler's workers' compensation benefits, either directly to Todd Holler or his medical providers or in reimbursement to Gallagher Bassett for payments it has made directly to Todd Holler or his medical providers. All workers compensation indemnity and medical payments to or for the benefit of Todd Holler, have been made by the defendant, Townsend Corporation, but the payments were misrepresented to Holler and the providers as being made by Ace American or one of its subsidiaries.

19. Pursuant to West Virginia Workers' Compensation Rule §85-1-7.1, the only parties to Todd Holler's worker's compensation claim are the claimant, Todd Holler, and his employer, Townsend Tree.

20. The Workers' Compensation Rules of West Virginia give power to a private carrier as a responsible party to make and pay TTD awards, PPD awards, medical payments, medical treatments, set up medical examinations, and to make other decisions regarding Holler's worker's compensation claim. In Todd Holler's claim, a Responsible Party has not been identified as making any decisions or payments required of a Responsible Party. In Todd Holler's claim, all decisions about payments have been made directly by The Townsend Corporation, either directly or through Gallagher Bassett as a third-party administrator, but not by any private insurer.

21. Townsend Tree did not file a workers' compensation claim with its private carrier, nor is a private carrier processing Holler's workers' compensation claims with Townsend Tree. Instead, The Townsend Corporation, the parent company of Townsend Tree, has directly paid Todd Holler and his medical providers, the alleged benefit payments, as if the payments were coming from a private insurance carrier.

22. As a result of injuries he sustained, Plaintiff, Todd Holler, in addition to his administrative claim for workers' compensation benefits, has filed a lawsuit against Townsend Tree and Townsend Corporation, for negligence and a statutory "deliberate intent" suit, which suit is currently stayed because there has been no

final award on Holler's physical injury claim, although he does have a final psychological PPD award of 10%.

23. Townsend Corporation along with the assistance and participation of the defendant, Gallagher Bassett and ACE American, have set up a scheme by which they have hijacked the Workers Compensation Claim of the Plaintiff, Todd Holler, by fraudulently representing that Townsend Corporation was the employer of the Plaintiff, Todd Holler, and pretending that his claim was being processed by, ACE.

24. In fact, the defendant, Townsend Corporation, privately paid the defendant, Gallagher Bassett to process the Plaintiff, Todd Holler's, Workers Compensation Claim so that the defendant, Townsend Corporation, could control the Workers Compensation Claim and so that they could, without limitation, delay any possible resolution of the workers' compensation claim and the ancillary deliberate intent civil litigation, obtain the Plaintiff, Todd Holler's medical records, fraudulently require the Plaintiff, Todd Holler, to attend medical examinations setup and paid for by the defendant, Townsend Corporation

25. The defendant, Townsend Corporation is not the employer of the Plaintiff, Todd Holler, nor are they a private carrier under West Virginia Law, and as a result, have no authority or rights to obtain the Plaintiff, Todd Holler's, medical information, request that he undergo medical examinations, contest his workers compensation claim or affect his workers compensation claim in any form.

26. The Plaintiff, Todd Holler's, employer, Townsend Tree, is believed not to have actual workers' compensation insurance to cover its employees for injuries occurring on the job, but regardless, the Plaintiff, Todd Holler's workers

compensation claim is not being processed by any private carrier obtained by or acting on the behalf of Townsend Tree.

27. Only a private carrier or someone acting on its behalf can process a Workers Compensation claim on behalf of an employee.

28. A private carrier is given the authority to control the proper payment of Workers' Compensation Disability Benefits (usually temporary total disability and permanent partial disability) and to pay for and authorize medical treatment. §23-2C-1.

29. A private carrier can contract with a third-party administrator who works under the authority given to the private carrier. §23-2C-17(c).

30. A private carrier is defined as a "responsible party." West Virginia Workers' Compensation C.S.R. §85-1-2.12

31. Only a responsible party can decide the compensability of a claim, the award or denial of any benefit in a claim, or any other substantive request by a claimant. West Virginia Workers' Compensation C.S.R. §85-1-2.3

32. A private carrier has the sole authority to act on behalf of the employer in the claim, including, but not limited to, the ability to make claims decisions, appoint counsel for defense of the claim, and make determinations regarding litigation strategy. West Virginia Workers' Compensation C.S.R. §85-1-7.3

33. In creating the system in which an employer obtains a private carrier to process and pay workers' compensation claims, the Legislature found and declared that injured claimants should receive the type of treatment needed as promptly as possible. West Virginia Code §23-4-7a.

34. It is the duty of every employer to report to the private carrier every injury sustained by any person in their employ within five (5) days of receipt of the employees' notice of injury. West Virginia Code §23-4-7b.

35. In all cases, the parties to a workers' compensation case are limited to the claimant and the employer. West Virginia Workers' Compensation C.S.R. §85-1-7.1.

36. A private carrier has the authority to request medical records of the injured employee regarding preexisting medical conditions or medical conditions related to the industrial injury. West Virginia Code §23-2C-17(e) and (f).

37. When an employee is injured, the private carrier shall determine whether the claimant has sustained a compensable injury and enter an order giving all parties immediate notice of the decision. West Virginia Code §23-4-1c(a).

38. In the Holler claim, an order was not entered by a private carrier finding that Holler sustained a compensable work injury, since his claim was not being processed by a private carrier.

39. West Virginia law unequivocally mandates the private carrier refer the claimant to a physician or a physician of its selection for independent evaluation before entering a permanent disability award. West Virginia Code §23-4-7a(2).

40. The private carrier has the authority to make an award for a permanent partial or permanent total disability. Once an award is made, the private carrier shall start the payment from the private carrier directly to the employee. West Virginia Code §23-4-1d.

41. Plaintiff Holler's workers' compensation claim is not being processed by a private carrier, such as Defendant, ACE, and thus, his claim, which is over 7 years old,

still does not have a full, final PPD award. However, under the most recent Board of Review Order, his physical PPD award cannot be less than 10%, which when combined with his 10% psychological award, exceeds the 13% final PPD award required for the prosecution of a deliberate intent claim.

42. No employer or employee shall exempt himself from the burden or waive the benefits of the chapter by any contract, agreement, rule, or regulation, and any such contract, agreement, rule, or regulation shall be pro tanto void. West Virginia Code §23-2-7.

43. Plaintiff Holler's Workers' Compensation Claim is not being processed by a private insurance carrier on behalf of Townsend Tree. Instead, The Townsend Corporation has been making decisions about private payments made to Holler and to his medical providers through a Third-party Administrator, Gallagher Bassett, which was employed directly by the Townsend Corporation.

44. While Townsend Corporation has been making the payments and controlling the processing of the Plaintiff, Todd Holler's, claim, it has fraudulently made false representations to make it appear as if the claim is being processed by the defendant ACE.

45. The Townsend Corporation is an unregulated entity with the assistance of Gallagher Bassett, which took on the claim handling role of a statutory private carrier to gain control of the Holler claim, to manipulate the amount of workers' compensation to be paid to Holler for benefits, to gain unfettered access to his medical records, and to control and manipulate Holler's medical treatment and to control any civil litigation that might arise out of the claim.

46. When Holler was injured, The Townsend Corporation, an unlicensed and unregulated entity with no right to Holler's medical information, took over as if it was a private carrier and made direct payments of Holler's Workers' Compensation claim under the ruse that the payments were coming from a private carrier Defendant, ACE. However, The Townsend Corporation is not a private insurer, and it is not an insurer authorized by the Insurance Commissioner to provide workers' compensation insurance coverage under Chapters twenty-three and thirty-three of the West Virginia Code.

47. The Townsend Corporation is not a third-party administrator designated by a private carrier to adjust West Virginia Workers' Compensation Claims, including the Todd Holler claim.

48. The Townsend Corporation is not a self-Insured employer as it has not been granted self-insured status under W.Va. Code §23-2-9 and the rules promulgated thereunder, nor is it a third-party administrator designated by a self-insured employer to adjust West Virginia workers' compensation claims. The Townsend Corporation is not even Mr. Holler's employer for purposes of workers' compensation.

49. The Townsend Corporation is not a statutory "responsible party" because it is not the Insurance Commissioner, a private carrier, or a self-insured employer, whichever is applicable. The Townsend Corporation is not licensed by the insurance commissioner as a third-party administrator pursuant to Article Forty-Six, Chapter Thirty-Three of the West Virginia Code.

50. The Townsend Corporation has no authority to contract with a Third-Party Administrator to administer claims. Under West Virginia Code §23-2C-17(c), only a private carrier or a self-insured employer may contract to have its plan of insurance administered by a third-party administrator.

51. Despite all of the requisite legal mandates and protections of the workers' compensation laws, The Townsend Corporation has devised a fraudulent scheme to act as the "insurance company" and private pay any bills and benefits associated with a work injury at Townsend Tree. The Townsend Corporation has no standing to directly pay Holler's benefits while "pretending" to be acting on behalf of a private carrier.

52. Incredibly, The Townsend Corporation appointed one of its employees to "handle" workers' compensation claims. Kristine Steiner ("Steiner"), a "paralegal" to Michelle Molin, In-House Legal Counsel for The Townsend Corporation, who was allowed to obtain medical records and to control the medical care and treatment of Mr. Holler. Ms. Steiner has admitted under oath that she "handles" all workers' compensation claims for Townsend Tree employees, including TTD awards and PPD awards. Her conduct reflects The Townsend Corporation's scheme to obtain confidential medical records and treatment information on any injured Townsend Tree employee. Paralegal Steiner, as an employee of The Townsend Corporation, was deposed on September 21, 2021, in another civil action against The Townsend Corporation involving an employee of Townsend Tree Services, LLC.

53. "Paralegal" Steiner is an employee of The Townsend Corporation and not a Townsend Tree employee. In Mr. Holler's workers' compensation claim, Paralegal

     Steiner directed the activities of Gallagher Bassett's employees in the processing of Mr. Holler's claim, directed Gallagher Bassett to submit a "reserve" request, and testified under oath that she had authority to deny a request for medical and disability funds. Pursuant to the restrictions The Townsend Corporation placed upon Gallagher Bassett, Paralegal Steiner must approve all expenditures up to and including $50,000.00. If an expenditure is over $50,000.00, Michelle Molin, The Townsend Corporation's In-House Legal Counsel, must approve a payment of such benefits. In other words, either Steiner or Molin, both employees of The Townsend Corporation must approve or disapprove all workers' compensation claims or benefits and/or payments paid to or on behalf of an injured Townsend Tree employee. Michelle Molin was deposed on September 21, 2021 in a civil action filed by another employee of Townsend Tree Services, LLC.

54. The Townsend Corporation is paying Gallagher Bassett directly for all medical services fees, rehabilitation fees, legal fees, Gallagher Bassett fees and nurse case management fees associated with the workers' compensation cases of Townsend Tree employees. But, The Townsend Corporation is not qualified to act as a self-insured employer.

55. The Townsend Corporation arranged for Gallagher Bassett to "pay benefits" out of a bank account funded by The Townsend Corporation which bears The Townsend Corporation's Bank Account Number. The scheme makes it appear that Gallagher Bassett is paying the benefits on behalf of the private carrier, The defendant, ACE American Insurance, or one of its affiliated companies, but, in actuality, the benefits have been paid by The Townsend Corporation, a non-regulated entity.

56. The Townsend Corporation places funds in the Townsend Corporation's bank accounts housed at Citibank, New Castle, Delaware, to perpetuate the fraud. Then, Gallagher Bassett utilizes The Townsend Corporation's bank account to make ACH payments or write checks, as Gallagher Bassett has full access to the bank account. The Scheme is devised to cover up that The Townsend Corporation manages the claim and makes direct payments. Astonishingly, Gallagher Bassett, is employed by The Townsend Corporation, who fraudulently prints on the checks "for ACE American Ins" or an affiliated insurance company, when The Townsend Corporation is the actual payor and owner of the account. ACE American has no role in the account, in the decisions, or in the payment of benefits.

57. In other words, The Townsend Corporation deposits money into the checking account, manages the account, and grants Gallagher Bassett access to the account. Then, Gallagher Bassett "issues" checks electronically signed by Donna Korte, who works in the financial department for Gallagher Bassett. The check format is designed to appear to be a payment by Gallagher Bassett "for" The defendant, ACE or an affiliated company, and is payable to Todd Holler or one of his medical providers. However, the check is a payment made by The Townsend Corporation. The check is issued intending to mislead and to defraud the injured worker and others, to believe that the defendant, ACE, acting in a regulated, fiduciary capacity, is handling the workers' compensation claim, when ACE American knows nothing about the claim.

58. In effect, Defendant, ACE has had no role in processing, nor has it made any payments regarding Mr. Holler's workers' compensation claim, but is apparently

complicit in allowing the fraudulent scheme to exist and to function and knows that The Townsend Corporation is manipulating the appearance of insurance using ACE's name on its checks.

59. At all relevant times the defendant, ACE was aware of and complicit in the fraudulent actions of the defendant, Townsend Corporation and the defendant, Gallagher Bassett, as described herein, but it has continued to allow these defendants to fraudulently act as if the defendant, ACE American, was managing and paying the claims of the Plaintiff, Todd Holler, and that the defendant, Gallagher Bassett was acting on behalf of and under the direction of the defendant ACE.

60. As long as The Townsend Corporation has acted, and continues to act, as an unregulated entity, it has and can continue arbitrarily to ignore requests for necessary medical treatment without consequence, can manipulate and make claim decisions, and can avoid or delay the cost of treatment.  The Townsend Corporation's actions are extraordinarily deceptive as medical treatment decisions. The management of medical treatment in West Virginia Workers' Compensation claims are not to be directed by an unregulated entity working to circumvent the law.  If a private carrier exists, workers' compensation claims must be reported to and managed by a private carrier, or the Insurance Commissioner, if the employer is uninsured.

61. The Townsend Corporation is not a private carrier or a third-party administrator. The Townsend Corporation is not self-insured.  The Townsend Corporation is not Holler's employer.  The Townsend Corporation is a non-regulated entity illegally

"managing" Todd Holler's Workers' Compensation claim for his employer, Townsend Tree.

62. The Townsend Corporation has thus intentionally hijacked Todd Holler's workers' compensation claim and, in doing so, has obstructed and delayed his deliberate intent cause of action as well as the processing of his administrative claim. It has manipulated Holler's PPD claim and wrongfully gained unfettered access to his confidential medical information and implanted Gallagher Bassett as a fake third-party administrator to coordinate treatment, examinations, and claim decisions, all the while reporting back to The Townsend Corporation. There is no question that The Townsend Corporation may not receive protected/private and confidential medical information or delay or obfuscate a PPD award by ignoring a clear order of the Board of Review, solely to delay or under false pretenses prevent Holler from achieving the 13% threshold of the Deliberate Intent statute.

63. Plaintiff, Todd Holler, has attempted to withdraw or waive his left shoulder injury to resolve any potential issue about whether it was or should have been deemed compensable, and Defendants, The Townsend Corporation and Gallagher Bassett Services, Inc., have otherwise acted in a manner to obfuscate, delay and mislead the Commission to delay, prevent, or avoid the issuance of a final PPD award.

64. The foregoing factual allegations are intended to apply to each of the following Counts as if they were realleged and restated in each of the following Counts of this Complaint.

**Count I Tortious Interference**

65. The preceding factual allegations are realleged as if restated herein.

66. By reason of the factual allegations contained hereinabove, the defendants have jointly and severally, tortuously and intentionally interfered with the Workers Compensation rights and benefits and employment of the Plaintiff, Todd Holler.

### Count II Civil Conspiracy

67. The preceding factual allegations are realleged as if restated herein.

68. That the defendants have conspired together to set up and to operate a fraudulent scheme in which the defendant, The Townsend Corporation, has controlled and falsely mishandled the Workers Compensation rights and benefits of the Plaintiff, Todd Holler, illegally obtaining the medical records of the Plaintiff, Todd Holler, and causing him to undergo medical examination for which the defendant, Townsend Corporation, did not have the legal authority to order and otherwise act to deny or delay Plaintiff Todd Holler the rights and benefits he is entitled to under the laws of West Virginia, all to his detriment.

### COUNT III Assault and Battery

69. The preceding paragraphs are realleged as if restated herein.

70. The the fraudulent acts that are described herein, in which the defendants fraudulently required the Plaintiff, Todd Holler to undergo medical examinations rise to the level of the intentional tort of assault and battery against the Plaintiff, Todd Holler.

71. The acts and omissions of the defendants as described herein were done with the intent to cause the Plaintiff, Todd Holler, severe emotional distress and, in fact, said actions have caused the Plaintiff, Todd Holler to suffer severe emotional distress.

## COUNT V FRAUD

72. The preceding factual allegations are realleged as if restated herein.

73. The defendant's actions as specially described hereinabove, constitute fraud, deception, and intentional misrepresentations to the Workers Compensation Commission of West Virginia, designed to thwart the efforts of the Plaintiff to obtain an overall PPD award equal to or in excess of 13% and otherwise to delay and hinder the good faith efforts of the Plaintiff, Todd Holler, to pursue a legitimate "deliberate intent" claim.

## COUNT VI Loss of Consortium, Damages and Punitive Damages

74. The Plaintiff, Patricia Holler, claims loss of consortium to the full extent permitted by law, based on the mental anguish and loss of services she has suffered as the wife of Todd Holler, specifically due to the delays and misrepresentations and otherwise fraudulent conduct of the Defendants.

75. The Plaintiff, Todd Holler, has been damaged and harmed by the conduct of the Defendants which has proximately caused him as to suffer severe mental anguish, aggravation, inconvenience and annoyance.

76. As the conduct of the Defendants was willful, wanton, reckless, malicious, and intentional, as aforesaid, Plaintiffs are entitled to punitive damages.

**WHEREFORE,** the Plaintiffs, Todd Holler and Patricia Holler, demand judgment against the Defendants, The Townsend Corporation, Gallagher Bassett and Ace American Insurance Company for compensatory, general, special, and consequential damages, as well as punitive damages. Such damages should awarded in amounts to be set by the jury or the Court, along with costs, attorney fees and other relief or remedy that the Court finds is equitable and just.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**


**Todd and Patricia Holler**

By Counsel,

<u>    s// James D. McQueen, Jr.    </u>
Co-Counsel for Plaintiffs


Christopher J. Heavens (WV Bar No. 5776)
HEAVENS LAW FIRM, PLLC
2438 Kanawha Boulevard, East
Charleston, West Virginia 25311
Phone:     (304)346-0464
Fax:       (304)345-5775
e-mail:    chris@heavenslawfirm.com

J. Michael Ranson (WV Bar No. 3017)
RANSON LAW OFFICES, PLLC
1562 Kanawha Blvd., East
Charleston, West Virginia 25311
Phone:     (304) 345-1990
Fax:       (304) 345-1999
e-mail:    jmr@ransonlaw.com

James D. McQueen, Jr. (WV Bar No. 2507)
McQUEEN LAW, PLLC
Post Office Box 176
Huntington, West Virginia 25706
Phone:      (304) 522-1344
Fax:         (304) 522-1345
e-mail:      jmcqueen@mcqueendavis.com

*Of Counsel for the Plaintiffs*