## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

TODD HOLLER and
PATRICIA HOLLER,

               Plaintiffs,

v.                                 CIVIL ACTION NO.  5:19-cv-00129

THE TOWNSEND CORPORATION,
*a foreign corporation*, and
TOWNSEND TREE SERVICE COMPANY, LLC,
*a foreign corporation*,

               Defendants.


TODD HOLLER and
PATRICIA HOLLER,

               Plaintiffs,

v.                                 CIVIL ACTION NO.  2:23-cv-00353

THE TOWNSEND CORPORATION,
GALLAGHER BASSETT SERVICES, INC.,
and ACE INSURANCE COMPANY,

               Defendants.


### MEMORANDUM OPINION AND ORDER

Pending in this consolidated action is a Motion to Stay Pending Appeal [ECF 187], filed January 23, 2025, by Defendant Gallagher Bassett Services, Inc. ("Gallagher Bassett"). Plaintiffs Todd and Patricia Holler (the "Hollers") responded in opposition [ECF 202] on January 31, 2025. Gallagher Bassett replied [ECF 207] on February 4, 2025. On February 5, 2025, Defendant The Townsend Corporation ("Townsend Corp.") joined [ECF 211] in Gallagher

Bassett's motion. The matter is ready for adjudication.

## I.

### A.  *Holler v. Townsend Corp. & Townsend Tree* (No. 5:19-cv-00129)

On February 21, 2019, the Hollers instituted this action (hereinafter, the "Personal Injury Case") against Townsend Corp. and Townsend Tree Service Company, LLC ("Townsend Tree") for injuries Mr. Holler sustained in a 2017 workplace incident involving him being struck by an uprooted tree. [ECF 1 at ¶ 10]. The Complaint alleges three claims: (1) a deliberate-intention claim by Mr. Holler pursuant to the West Virginia Workers' Compensation Act ("WCA"), W. Va. Code § 23-4-2(d) (Count I), (2) a derivative claim by Mrs. Holler for Loss of Consortium (Count II), and (3) a Declaratory Judgment claim (Count III), [*id.* at ¶¶ 27–28], which has since been voluntarily dismissed, s*ee* [ECFs 16, 17, 23].

The case was stayed multiple times from 2020 to mid-2024 while Mr. Holler's underlying workers' compensation claim remained pending. Upon motion [ECF 131], the Court lifted the stay and reinstated the case to the active docket on August 9, 2024. [ECF 134]. On January 31, 2025, the Hollers moved to amend the Complaint [ECF 203], and on February 21, 2025, they revised the Proposed Amended Complaint to add an alternative negligence claim. [ECF 231].

### B.  *Holler v. Townsend Corp., Gallagher Bassett, & Ace Ins. Co.* (No. 2:23-cv-00353)

On April 25, 2023, the Hollers brought this separate action (hereinafter, the "Fraud Case") against Defendants Townsend Corp., Gallagher Bassett, and Ace Insurance Company ("Ace"). Ace was, until 2020, the private workers' compensation insurance carrier for Townsend

Corp. [ECF 1 at ¶¶ 14, 18]. Gallagher Bassett is a Third-Party Administrator for workers' compensation claims and "also provides . . . support for litigation." [*Id.* at ¶ 15]. According to the Hollers, Ace is a client of Gallagher Bassett for workers' compensation administration, and Townsend Corp. is a client for litigation support. [*Id.* at ¶ 16].

In the Complaint, the Hollers allege, *inter alia*, that Townsend Corp. controlled Mr. Holler's workers' compensation claim, including payments and medical care decisions, through a fraudulent scheme involving all the Defendants. Thus, the Hollers assert five claims against the Defendants in the Fraud Case: (1) Tortious Interference, (2) Civil Conspiracy, (3) Assault and Battery, (4) Fraud, and (5) "Loss of Consortium, Damages, and Punitive Damages." [*Id.* at 15–18].

On May 30, 2023, Gallagher Bassett filed a Motion to Dismiss [ECF 11], as well as a Motion to Stay [ECF 14]. On May 31, 2023, Townsend Corp. also moved to dismiss. [ECF 21]. Ace joined in Gallagher Bassett's motion to dismiss on June 14, 2023. [ECF 26]. On July 24, 2023, the Court granted Gallagher Bassett's request to stay the case and retired the case to the inactive docket [ECF 33].

## C.    *Consolidation of the Cases*

On September 10, 2024, citing no objection from the Hollers, the Court consolidated the cases and designated the Personal Injury Case as the lead case. [ECF 137]. Citations to the post-consolidation record refer to the docket in the lead case, namely, Civil Action No. 5:19-cv-00129. On January 3, 2025, the Court denied the pending dismissal motions in the Fraud Case, concluding as follows:

> Townsend's subject matter jurisdiction argument . . . [is] instead an argument under *Federal Rule of Civil Procedure* 12(b)(6) and, as construed, the argument, along

with the remainder of the Defendants' arguments in their several motions, is not susceptible of resolution as a matter of law *at this juncture*. A thorough evidentiary record at summary judgment *will aid the appropriate disposition of the arguments*.

[ECF 163 (emphasis added)].

On January 22, 2025, Gallagher Bassett and Ace filed a Joint Notice of Appeal [ECF 185] of the Court's Order denying dismissal. The following day, Gallagher Bassett moved to stay the case pending appeal. [ECF 187]. On February 5, 2025, Townsend Corp. also filed a Notice of Appeal [ECF 212] of the same Order and a Joinder [ECF 211] in Gallagher Bassett's Motion to Stay. A hearing was held on the motion on February 13, 2025, [ECF 223], after which the Court directed all parties to file (1) supplemental briefing on the propriety of staying the case pending appeal in light of the discussion in *Precision Pipeline, LLC v. Weese*, 247 W. Va. 733, 885 S.E.2d 864 (2023), and (2) briefing on the suitability of deconsolidating the Personal Injury and Fraud Cases, proceeding to trial on the Personal Injury Case, and doing so with the bifurcation of Plaintiffs' deliberate-intention and negligence claims, with appropriate instructions and interrogatories as to both. [ECF 226].

On February 20, 2025, Gallagher Bassett filed its response [ECF 229], in which it wholly failed to address either of the issues as directed by the Court. Instead, it asserts only that its interlocutory appeal of the Court's Order denying dismissal is proper. [*Id.*]. On February 28, 2025, the Hollers and the Townsend Defendants filed their respective responses. [ECFs 233, 235]. On March 7, 2025, the Townsend Defendants replied, asserting, in part, as follows:

> *Although the Townsend Defendants agree insofar as the Precision Pipeline, LLC v. Weese, 247 W.Va. 722 (2023), case does not apply to the consideration of whether to stay either the "fraud case"*, the personal injury case, or both, pending the appeal in the "fraud case", the Townsend Defendants oppose and object to the remaining analysis of this decision as set forth in Plaintiffs' Response.

[ECF 238 at 2 (emphasis added)]. The sole reason the Hollers defer on the applicability of

*Precision Pipeline* is that the case involved a true employer, as opposed to the putatively illegitimate third-party administrator role played by Gallagher Bassett. [ECF 233 at 2]. Despite the Court's best efforts, it is apparent that no party appreciates the impact of *Precision Pipeline* on the propriety of a stay pending appeal.

## II.

### A.    *Deconsolidation*

*Federal Rule of Civil Procedure* 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42. This Rule gives district courts broad discretion in determining whether to consolidate. *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under [Fed. R. Civ. P.] 42(a) to consolidate causes pending in the same district."); *Am. Whitewater v. Tidwell*, 770 F.3d 1108, 1122 (4th Cir. 2014) (affirming district court's refusal to consolidate because there was "no basis for disturbing its judgment about how best to manage its docket").

Likewise, the Court has considerable discretion to deconsolidate cases earlier joined.  *See, e.g., Wai Feng Trading Co. v. Quick Fitting, Inc.*, No. CA 13-033 S, 2014 WL 4199174, at *4 (D.R.I. Aug. 22, 2014) ("The court always retains the power to deconsolidate when the original order was entered before the court or the parties could consider the prejudice it would inflict; the order should be vacated when subsequent events reveal that consolidation is no longer appropriate."); *see also Liberty Media Corp. v. Vivendi Universal, S.A.*, 842 F. Supp. 2d 587, 593 (S.D.N.Y. 2012) ("At the March 2, 2009 hearing, the Court vacated the Consolidation Order issued

by Judge Baer on May 13, 2003. The Court's decision to vacate the Consolidation Order was appropriate in light of the Court's inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment . . . .") (cleaned up); *cf. New England Energy Inc. v. Keystone Shipping Co.*, 855 F.2d 1, 9 n.9 (1st Cir. 1988) (same, although involving consolidation of arbitration proceedings).

    Although the consolidation earlier ordered by the Court facilitated joint discovery and pretrial development in the Personal Injury case and the Fraud Case to a point, the value of continued consolidation has evaporated. While the interlocutory appeal is pending in the Fraud Case, considerable and necessary work can continue in an effort to speedily, justly, and finally adjudicate, at least in part, the parties' personal injury dispute. For example, while the interlocutory appeal pends in the Fraud Case, the largely complete evidentiary record in the Personal Injury case may be prepared expeditiously for trial. Furthermore, regardless of the outcome of the Fraud Case on appeal or thereafter, the deliberate-intention claim -- for which there is no immunity pursuant to *West Virginia Code* section 23-4-2(d)(2)(B) -- may proceed immediately to trial. If the Hollers prevail therein, entry of Judgment against the Townsend Defendants may be stayed pending the outcome of the Fraud Case and the question of immunity, assuming the Hollers decide to even continue the pursuit of the Fraud Case. On the other hand, if the Townsend Defendants are ultimately deemed disentitled to workers' compensation immunity, it seems unlikely that, assuming no preclusion doctrine applies as to the deliberate-intention claim vis-à-vis the then-viable negligence claim, the Townsend Defendants would insist on a second trial respecting the Hollers' negligence claim having already been adjudicated liable on the far more substantial deliberate-intention claim. Stated another way, if the Court proceeds to trial on the deliberate-intention claim -- for which no immunity applies -- a verdict favorable to the Hollers strongly

6

predicts a jury would likewise find on the negligence claim.

Accordingly, the benefits of consolidation have fully matured, and, furthermore, joint management holds little additional promise of economies of scale. Indeed, considerable progress may be made in the coming months on the deliberate-intention claim while the interlocutory appeal pends. The Court consequently **ORDERS** that the Personal Injury case and the Fraud Case be **DECONSOLIDATED**.

**B.**     ***Stay of Fraud Case Pending Interlocutory Appeal on Issue of Immunity***

A district court also "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) ("The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.' (quoting *United States v. Ga. Pac. Corp.,* 562 F.2d 294, 296 (4th Cir. 1977))); *City of Martinsville, Va. v. Express Scripts, Inc.*, 128 F.4th 265, 272 (4th Cir. 2025) (Wynn, C.J., dissenting).

Ordinarily, a court should consider four factors in determining whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Sierra Club v. U. S. Army Corps of Eng'rs*, 981 F.3d 251, 256 (4th Cir. 2020).

As noted, following denial of the motions to dismiss filed by Gallagher Bassett and Townsend Corps., the former sought to stay the Fraud Case pending interlocutory appeal. Gallagher Bassett contends it is likely to succeed on the merits inasmuch as the Hollers' claims against it are barred by *West Virginia Code* section 23-2C-21. That section provides "[n]o civil action may be brought or maintained by an employee against . . . a third-party administrator, or any employee or agent of a . . . third-party administrator, who violates any provision of this chapter . . . ." W. Va. Code § 23-2C-21(a); [ECF 187 at 3].

Inasmuch as the subject of the pending appeal is whether the Moving Defendants qualify for this statutory immunity from suit, Gallagher Bassett asserts denying a stay and requiring it to defend itself in the Fraud Case would result in irreparable injury. [ECF 187 at 4]. It also contends that granting the stay "would preserve both the parties and the Court's time and resources pending the outcome of the appeal." [*Id.*]. The Hollers contend the stay should be denied, as the immunity from suit provided under West Virginia law is inapplicable to Gallagher Bassett and Townsend Corp. [ECF 233 at 2].

The foremost difficulty is that, prior to assessing the merits of the stay request according to the four factors, there is a precursor question of whether the Court of Appeals is vested with subject matter jurisdiction in the Fraud Case. And that is the very reason the Court inquired of the parties respecting *Precision Pipeline*. It may strike one as odd to allow a decision on state court appellate jurisdiction to intrude into the inquiry concerning the presence or absence of federal appellate jurisdiction, especially in the midst of a stay analysis occurring *in the district court*. So, an explanation is in order.

To qualify for the narrow exception permitting the appeal of an interlocutory denial of workers' compensation immunity, the Supreme Court of Appeals in *Precision Pipeline* required

8

the subject ruling below to have completely "foreclose[d] a workers' compensation immunity

defense . . . ." *Precision Pipeline*, 247 W. Va. at 736, 885 S.E.2d at 867. The decision in *Precision*

*Pipeline* also states that one cannot use the collateral order doctrine to take such an appeal unless

the interlocutory order appealed from "conclusively determines the disputed controversy" on the

statutory immunity question. 247 W. Va. at 736 n.5, 885 S.E.2d at 867 n.5.  There are at least two

reasons the decision in *Precision Pipeline* is noteworthy for present purposes. First, it deals with

the precise state statutory immunity question our Court of Appeals is asked to decide in this case.

Second, although state appellate jurisdiction was at issue in *Precision Pipeline*, the collateral order

elements necessary to its exercise of appellate jurisdiction therein are identical to those used by

our Court of Appeals in the interlocutory appeal context.  *Compare Atkinson v. Godfrey*, 100 F.4th

498, 503 (4th Cir. 2024) (cleaned up) ("Under the collateral order doctrine, an order is final for

purposes of § 1291, even if it does not terminate proceedings in the district court, so long as it

conclusively determines the disputed question, resolves an important issue completely separate

from the merits of the action, and would be effectively unreviewable on appeal from a final

judgment.") *with Precision Pipeline*, 247 W. Va. at 736, 885 S.E.2d at 867 ("The collateral order

doctrine applies where an interlocutory order "(1) conclusively determines the disputed

controversy, (2) resolves an important issue completely separate from the merits of the action[ ],

and (3) is effectively unreviewable on appeal from a final judgment.").

       As noted, the order from which Gallagher Bassett desires to appeal states, in part,

that the matter of workers' compensation immunity is "not susceptible of resolution as a matter of

law *at this juncture*. A thorough evidentiary record *at summary judgment* will aid the appropriate

disposition of the arguments." [ECF 163 (emphasis added)]. With further factual development so

critically necessary for proper adjudication of the immunity question, the likelihood of success on

appeal appears grim at best and the public interest would, among other things, not tolerate the prospect of the seemingly unnecessary delay. Frankly, none of the four applicable factors even minimally weigh in favor of granting the stay.

Again, however, even prior to assessing that merits-based question, the issue of appellate jurisdiction looms. And that issue, where the Court has preliminarily denied immunity on the grounds the question is fact bound, is in the workers' compensation immunity context is quite analogous to the common circumstance in a civil rights matter where the qualified immunity defense raised at the Rule 12(b)(6) stage is insusceptible to conclusive adjudication due to factual disputes between the parties. In that situation, our Court of Appeals has observed as follows:

> "Under the collateral order doctrine, we have jurisdiction to review a district court's denial of qualified immunity at the summary judgment stage of the proceedings to the extent that the court's decision turned on an issue of law." *Danser v. Stansberry*, 772 F.3d 340, 344–45 (4th Cir. 2014); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (holding that a district court's denial of qualified immunity is an appealable "final decision" under 28 U.S.C. § 1291 "to the extent that [the decision] turns on an issue of law"). *We lack jurisdiction, however, if the decision was based on questions of evidentiary sufficiency* properly resolved at trial. *Danser*, 772 F.3d at 345. Thus, "our first task on appeal is to separate the district court's legal conclusions regarding entitlement to qualified immunity, over which we have jurisdiction, *from its determinations regarding factual disputes, over which we do not*." *Iko v. Shreve*, 535 F.3d 225, 234 (4th Cir. 2008). And we must also "examine the parties' appellate arguments to ensure that we only consider those legal questions formally raised on appeal." *Id*. at 235.

*Rambert v. City of Greenville*, 107 F.4th 388, 396 (4th Cir. 2024) (emphasis added) (cleaned up).

Having considered the matter in some depth, the Court harbors grave concerns respecting the propriety of the stay request from either a merits or an appellate jurisdiction standpoint. The determination of that second question, however, is properly reserved to the Court of Appeals and not the Undersigned. The Undersigned would only observe that little harm results if a stay of the Fraud Case is granted. There is much work there to be done that might, at least in part, be mooted by the outcome of the appeal. For example, the Magistrate Judge has determined

that Gallagher Bassett's "wholesale" privilege requests were "not just inappropriate, but disingenuous, if not deceptive – both to the Plaintiffs' counsel and to this Court" and that Gallagher Bassett's delay in producing either a privilege log or non-privileged responsive materials in a timely manner was "a species of gamesmanship." [ECF 191 at 10–11]. Accordingly, the Magistrate Judge concluded that Gallagher Bassett's conduct "effectively waived its claim of attorney-client privilege and/or work product doctrine protections," [*id.* at 11], and that work-intensive matter is on appeal before the Undersigned, *see* [ECFs 198, 204]. Additionally, in view of the Court's rulings *supra* respecting the decision to proceed apace in the Personal Injury case, no urgency exists in the Fraud Case.

Accordingly, the Court **CONDITIONALLY GRANTS** Gallagher Bassett's motion to stay as to the Fraud Case (despite the Gallagher Bassett's failure to make the required four-factor showing) only so long as is necessary for the Court of Appeals to have sufficient time to pass on the matter of appellate jurisdiction earlier identified. It is also reserved to the Court of Appeals whether the interlocutory appeal, if improper, was so improvidently taken for purposes of delay that sanctions are warranted.

## III.

Based upon the foregoing discussion, and having considered the parties' views at oral argument and through supplemental briefing, the Court **ORDERS** as follows:

1.  That Civil Action Nos. 5:19-cv-00129 and 2:23-cv-00353 be, and they hereby are, **DECONSOLIDATED**;

2.  That Gallagher Bassett's Motion to Stay Pending Appeal [**ECF 196**] is **CONDITIONALLY GRANTED** to the extent the stay is sought in Civil Action

No. 2:23-cv-00353 and otherwise **DENIED**;

3.      That Civil Action No. 2:23-cv-00353 is **STAYED** and **RETIRED** to the inactive

docket pending a definitive resolution of the stay request by our Court of Appeals

pending appeal; and

4.      That Civil Action No. 5:19-cv-00129 shall proceed according to the remaining

deadlines and instructions provided in the Court's September 10, 2024, Order [ECF

139], except to the following extent:

| Deadline | Date |
|---|---|
| Dispositive motions deadline | 03/31/2025 |
| Response to dispositive motion | 04/14/2025 |
| Reply to response to dispositive motion | 04/21/2025 |

The Clerk is **DIRECTED** to transmit copies of this written opinion and order to all

counsel of record and to any unrepresented parties.

ENTER:        March 21, 2025

Frank W. Volk
Chief United States District Judge